UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD I. SOFOWORA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ALBERT GONZALES, et al., ) <br> ) <br> Respondents. ) <br> ) | 1:06-cv-0242-OWW-TAG HC <br><br> ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED <br><br> ORDER DIRECTING THE CLERK TO SERVE DOCUMENTS ON RESPONDENT |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Doc. 1). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

In his Petition, Petitioner, a native of Nigeria and subject to a final order of removal to that country, alleges that he has been in ICE custody continuously since August 24, 2005. (Doc. 1, p. 3). Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 1, p. 4). Petitioner also asserts that his detention is in violation of Respondent's statutory authority. (Id.). Finally, Petitioner maintains that his detention is punitive in nature and therefore is an unconstitutional punishment without due process of law. (Id.).

Because Petitioner may be entitled to relief if the claimed violations are proven, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P.

81(a)(2). Respondent SHALL INCLUDE a copy of Petitioner's alien file and any and all other documentation relevant to the determination of the issues raised in the Petition. Rule 5 of the Rules Governing Section 2254 Cases. In the event Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a motion to dismiss the Petition or other proper pleading. Should the parties fail to notify the Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue sanctions in appropriate cases. See Local Rule 11-110.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition for Writ of Habeas Corpus (Doc. 1) should not be granted. The Return to the Order to Show Cause is due within FORTY-FIVE (45) days of the date of service of this Order. Petitioner may file a Traverse to the Return within TEN (10) days of the date the Return to the Order to Show Cause is filed with the Court.

2. The Clerk of the Court is DIRECTED to SERVE a copy of the Petition for Writ of Habeas Corpus on the United States Attorney.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.

IT IS SO ORDERED.

Dated: **June 7, 2006**     **/s/ Theresa A. Goldner**
j6eb3d                                    UNITED STATES MAGISTRATE JUDGE