# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SOFOWORA, <br><br> Petitioner, <br><br> v. <br><br> ALBERTO GONZALES, et al., <br><br> Respondents. | 1:06-cv-00242-OWW-TAG-HC <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE (Doc. 14) <br><br> REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS PREMATURE (Doc. 16) |

Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

## PROCEDURAL HISTORY

A. <u>The Instant Petition</u>.

Petitioner, a native of Nigeria and subject to a final order of removal to that country, alleges in the instant petition that he has been in "post-removal order" ICE detention since August 24, 2005. (Doc. 1, p. 3). Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 1, p. 4). Petitioner also asserts that his detention is in violation of Respondent's statutory authority. (<u>Id.</u>). Finally, Petitioner maintains that his detention is punitive in nature and therefore is an unconstitutional punishment without due process of law. (<u>Id.</u>).

On June 8, 2006, the Court issued an Order to Show Cause, requiring Respondents to show cause why the instant petition should not be granted. (Doc. 14). On July 19, 2006, Respondents filed a motion to dismiss the petition, arguing that Petitioner's claims were not ripe in that his appeal of a prior petition was still pending in the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") and that the Ninth Circuit had imposed a stay of removal, thereby tolling the running of the ninety-day period during which Respondent must remove Petitioner from the country. (Doc. 16). On August 1, 2006, Petitioner filed a Traverse, contending that he had been in ICE custody for two and one-half years, and that his continued detention was unreasonable under Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005). (Doc. 17). Respondents filed a Reply, arguing that Tijani was inapposite since here Petitioner had only recently concluded challenging his final order of removal. (Doc. 18).

B. The Prior Petition.

Petitioner filed in this Court a prior petition for writ of habeas corpus on January 10, 2005, Case no. 1:05-cv-00043-OWW-TAG, asserting essentially the same claims that he is asserting in the instant case. On June 22, 2005, at the Court's request, Respondent filed a brief in which, inter alia, Respondent advised the Court that Petitioner had filed a petition for review of his final order of removal in the Ninth Circuit, in Case no. 05-071780, Sofowara v. Gonzales. (Doc. 16, p. 2). Respondent also indicated that the Ninth Circuit had already granted his motion to dismiss the petition for review on June 20, 2005. (Id.). The Ninth Circuit, however, had issued a stay of removal that was to remain in effect until the case was concluded. (Id.). Respondent argued that because Petitioner had sought review of a final order of removal and because the Ninth Circuit had issued a stay of removal, then, pursuant to 8 U.S.C. § 1231(a)(1)(B), the ninety-day period of removal would commence only upon the lifting of that stay and the issuance of a "final order" by the Ninth Circuit. (Id.).

On August 24, 2005, the Ninth Circuit issued its mandate in Case no. 05-71780.[1]   On

---

[1] Federal Rules of Evidence Rule 201 allows the Court to take judicial notice of orders and decisions of other courts. Papai v. Harbor Tug and Barge Co., 67 F.3d 203, 207 n 5 (9th Cir. 1995) (citations omitted), rev'd on other grounds, 520 U.S. 548, 117 S. Ct. 1535 (1997); United States ex rel Robinson Rancheria Citizens Council v. Borneo, Inc. 971 F.2d 244, 248 (9th Cir. 1992) (federal courts "may take notice of proceedings in other courts, both

2

September 2, 2005, this Court issued a Report and Recommendations that the prior petition be dismissed because Petitioner's claims were not ripe in case number . (Case no. 1:05-cv-00043-OWW-TAG, Doc. 18). In that Report and Recommendations, the Court took judicial notice of the Ninth Circuit's docket entries in Case no. 05-071780, wherein Petitioner sought appellate review of his final order of removal, specifically noting that the Ninth Circuit had issued a temporary stay of removal effective until mandate issued and that the mandate issued on August 24, 2005. (Id.). The Court then construed Respondent's Response of June 22, 2005, as a motion to dismiss the petition as premature, and recommending that the motion be granted. (Id.).

In the Report and Recommendations pertaining to the prior petition, this Court construed 8 U.S.C. § 1231(a)(1)(A), which requires the Attorney General to remove an alien within ninety days of an order of removal, to have commenced to run on August 24, 2005, the date the Ninth Circuit issued its mandate in Petitioner's appeal of his final order of removal, citing 8 U.S.C. § 1231(a)(1)(B). (Id.). This Court concluded that Petitioner's claims in the prior petition were not ripe because under Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001), ICE detention is presumptively reasonable for six months, and because a petitioner's claims are not ripe until the presumptively period of reasonable detention has expired. See Abbott Laboratories, Inc. v. Gardner, 387 U.S. 136, 148-149, 87 S.Ct. 1507 (1967), overruled on other grounds, Califano v. Sanders, 430 U.S. 99, 97 S. Ct. 980 (1977). (Case no. 1:05-cv-00043-OWW-TAG, Doc. 18). In the Report and Recommendations, this Court also concluded that, to the extent that the petition challenged the final order of removal, any such challenges must be transferred to the Ninth Circuit pursuant to Public Law 109-13, the Real ID Act of 2005 ("RIDA"), which had removed district court jurisdiction to consider removal issues. (Id.). On November 30, 2005, the District Court adopted the Magistrate Judge's Report and Recommendations and entered judgment against Petitioner. (Case no. 1:05-cv-00043-OWW-TAG, Docs. 22, 23). Petitioner subsequently appealed his dismissal to the Ninth Circuit. (Id., Doc. 26).

From the Court's review of the Ninth Circuit docket, it appears that in Case no. 05-77343

---

within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citations omitted).

Petitioner appealed to the Ninth Circuit this Court's dismissal of his prior petition.[2] On February 7, 2006, the Ninth Circuit issued an order in that case deeming Petitioner's filing, dated December 23, 2005, as a notice of appeal from this Court's dismissal of his habeas petition and as a petition for review of any issues related to the final order of removal. At that time, the Ninth Circuit issued a temporary stay of removal, which, on May 3, 2006, the Ninth Circuit made permanent until the case was resolved and mandate had issued. The Ninth Circuit established a briefing schedule and, on August 4, 2006, Petitioner filed his Opening Brief. Respondent's brief is now due within thirty days.

## DISCUSSION

In the instant petition, Petitioner contends that he has been detained beyond the six-month period presumed reasonable in <u>Zadvydas</u>, and must therefore be released on bond. Respondent contends that Petitioner's claims are not ripe because the six-month period has not elapsed. The Court agrees with Respondent and therefore recommends that the instant petition be dismissed for lack of ripeness.

Petitioner's claims are not ripe because, due to the Ninth Circuit's stay of removal, the removal period will not commence until mandate is issued and the stay is lifted; therefore, the six-month period under <u>Zadvydas</u> has not even commenced, much less elapsed.

After an order of removal is issued, the Attorney General shall remove the alien within ninety days. <u>See</u> 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following: (I) The date the order of removal becomes administratively final; (ii) *if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order*; (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B) (emphasis supplied.).

Here, the Ninth Circuit issued a temporary stay of removal on February 7, 2006, and extended the stay on May 3, 2006 until issuance of mandate. It is clear from this Court's earlier

---

[2]As with the prior petition, the Court takes judicial notice of the Ninth Circuit's proceedings in Case no. 05-77343, pursuant to Federal Rules of Evidence Rule 201.

orders in Case no. 1:05-cv-00043-OWW-TAG, that, to the extent Petitioner was challenging his final order of removal, those issues were transferred to the Ninth Circuit pursuant to RIDA. The Ninth Circuit acknowledged as much in its order of February 7, 2006, when it considered Petitioner's filing to be *both* a notice of appeal from the dismissal by this Court of his prior habeas petition, which disposed of all detention issues, *and* a petition for review of any removal issues. Because Petitioner's pending Ninth Circuit appeal in Case no. 05-77343 involves challenges to the final order of removal, § 1231(a)(1)(B)(ii) applies as the "latest" of the three circumstances set forth in § 1231(a)(1)(B).

Under that section, because of the ongoing stay of removal imposed by the Ninth Circuit, the ninety-day period within which Respondent may remove Petitioner *has not even commenced to run*. 8 U.S.C. § 1231(a)(1)(B)(ii). Because the mandatory detention period has not even begun, the six-month period of presumptively reasonable detention under Zadvydas, which is triggered by the commencement of the ninety-day removal period, has not begun to run either.

In Zadvydas, the Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory authority.[3] Id. at 2491. In addition, the Court held that the Immigration and Nationality Act's ("INA") post-removal-period detention statute does not permit indefinite detention, but instead "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." Id. at 2498.

The Zadvydas Court established a "presumptively reasonable period of *detention*" of *six months*. Id. at 2505 (italics added). The burden is on the alien to show that there is no reasonable likelihood of repatriation. Id. After six months, and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. However, where an alien seeks release *prior* to the expiration of the presumptive six-month period, his claims are unripe for federal review. See Abbott Laboratories, 387 U.S. at 148-149("[The ripeness

---

[3]The Supreme Court analyzed the constitutionality of the period of post-removal-*detention*, not the period of post-removal. See Zadvydas, 533 U.S. at 700-701.

5

doctrine's] basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.").

Because, as previously discussed, the ninety-day removal period has not even begun, the six-month period under Zadvydas has not begun to run either. See Zadvydas, 533 U.S. at 701-702 (the detention of an alien subject to an order of removal for ninety days while the order is effectuated clearly comports with due process).

Moreover, because the final order of removal is currently subject to a judicially-mandated stay, Petitioner cannot establish that there is "no reasonable likelihood of repatriation." Petitioner cannot establish that there is no reasonable likelihood of his removal as long as his removal remains a legal impossibility due to the Ninth Circuit's stay. Thus, Petitioner's current detention is premature and the instant petition is not ripe for habeas review. Abbott Laboratories, 387 U.S. at 148-149.

Petitioner's reliance on Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), is misplaced. In that case, the Ninth Circuit addressed the propriety of a two year and eight month period of detention of an alien pursuant to the mandatory detention provisions of 8 U.S.C. § 1226(c), which authorizes the government's detention of individuals convicted of certain crimes.[4] The Ninth Circuit remanded the case to the district court with directions to grant the habeas petition unless the government afforded petitioner a bail hearing before an immigration judge. Tijani,

---

[4] Section 1226(c)(1) provides in pertinent part as follows: The Attorney General shall take into custody any alien who–(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title, (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense. Subsection (c) limits the Attorney General's ability to release such criminal aliens to cases when the alien is needed to assist in criminal investigations and where his release will "not pose a danger to the safety of other persons or of property." Subsection (e) provides that the Attorney General's "discretionary judgment regarding the application of this section shall not be subject to review" and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."

6

430 F.3d at 1242.  In so ruling, the Court avoided deciding the issue on constitutional grounds and instead interpreted § 1226(c) as requiring "expedited" removal, which, under the facts of the case, had not been accomplished.  Id.

Here, Petitioner is not being held pursuant to § 1126(c), nor is Respondent attempting to use the provisions of that section to detain Petitioner.  Since the Tijani court did not decide the more difficult constitutional issue, the case provides no answer to the question now before this Court regarding the constitutional implications of continued detention resulting from an appeal of an earlier habeas dismissal and a court-imposed mandatory stay of removal that tolls the commencement of the ninety-day removal period.

In the Court's view, Petitioner's claim is more properly viewed as a request for release on bail pending resolution by the Ninth Circuit of his appeal in Case no. 05-77343.  The Court recognizes that denial of bail after the ninety-day removal period raises due process concerns under Zadvydas.  No obvious reason appears why the same would not be true for release on bail *prior* to the ninety-day period, as in this case, barring any statutory limitation to the contrary.  However, habeas jurisdiction cannot be sustained solely by a request for release on bail.  See Kelly v. Springett, 527 F.2d 1090, 1092 (9th Cir. 1975)(there is no absolute federal constitutional right to bail); Landano v. Rafferty, 970 F.2d 1230, 1240 (3rd Cir. 1992)(same); Young v. Hubbard, 678 F.2d 132, 134 (5th Cir. 1982)(same); Finetti v. Harris, 609 F.2d 594, 599 (2nd Cir. 1979)(same); Hamilton v. State of New Mexico, 479 F.2d 343, 344 (10th Cir. 1973)(same); Bloss v. Michigan, 421 F.2d 903, 906 (6th Cir. 1970)(same).  Such a concern is best addressed in a motion for bail before the Ninth Circuit in its case no. 05-77343.

Therefore, the Court will recommend that Respondent's Motion to Dismiss the petition be GRANTED.  Should the Ninth Circuit deny Petitioner relief in case no. 05-77343, and should the Ninth Circuit subsequently lift the stay of Petitioner's removal, then and only then would the ninety-day and six-month periods commence to run.  Should Petitioner's detention continue past the six-month period under Zadvydas, his allegations of illegal detention would then be ripe for review and he could file a new habeas petition raising these concerns.  Should that occur,

however, Petitioner still must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Zadvydas</u>, 121 S.Ct. at 701.

**ORDER**

For the foregoing reasons, the IT IS ORDERED that the Order To Show Cause dated June 8, 2006 (Doc. 14), is DISCHARGED.

**RECOMMENDATION**

It is hereby RECOMMENDED that Respondent's Motion to Dismiss the petition for writ of habeas corpus as non-ripe (Doc. 16), be GRANTED.

This Report and Recommendation is submitted to the Honorable Oliver W. Wanger, Senior United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 23, 2006**                **/s/ Theresa A. Goldner**
**j6eb3d**                         UNITED STATES MAGISTRATE JUDGE